# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| AT&T CORPORATION | CIV. ACTION NO. 07-1544 |
| VERSUS | JUDGE ROBERT G. JAMES |
| COLUMBIA GULF TRANSMISSION COMPANY | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a motion for partial summary judgment [Doc. No. 18] filed by Plaintiff AT&T Corp. ("AT&T"). This case arises from an incident on September 19, 2006, when Defendant Columbia Gulf Transmission Company's ("Columbia") track hoe struck and damaged an AT&T fiber optic cable. AT&T lost use of 223 circuits on the cable for the nine hours and seven minutes it took for repairs; however, AT&T was able to redirect its telecommunications traffic to its redundant excess systems during the repair period.

On August 18, 2008, AT&T filed a motion for partial summary judgment, seeking a determination that loss of use is a viable category of damages if AT&T prevails on liability at trial. AT&T also seeks a determination that the proper measure of loss of use damages is the cost of renting substitute capacity on another telecommunication carrier's system (even though AT&T did not actually incur these costs).

On September 15, 2008, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 32] in which she recommends that the Court deny AT&T's motion for partial

summary judgment. She determined that, unlike individual plaintiffs, AT&T, as a business entity, is not entitled to loss of use damages based on inconvenience or diminution of enjoyment. AT&T may be able to meet its burden on loss of use and recover damages if it can show some economic losses. However, Magistrate Judge Hayes found that AT&T cannot recover damages for the prorated cost of constructing an emergency backup system prior to this incident, anymore than a homeowner who purchases a generator can recover the cost of the generator when there is an interruption of electrical service.

Magistrate Judge Hayes further recommends that the Court deny the second part of the motion for partial summary judgment on the basis that the measure of damages is not limited to the cost of renting substitute capacity.

As both Magistrate Judge Hayes and the parties point out, her Report and Recommendation is in direct conflict with a ruling by Judge Zainey in *Level 3 Communications, LLC v. Toomer Electrical Co., Inc.*, 557 F.Supp.2d 745 (E.D. 2008). The Court has reviewed Judge Zainey's ruling and the record in this matter and agrees with Magistrate Judge Hayes, contrary to Judge Zainey, that a Louisiana court would not allow AT&T to recover loss of use damages unless those damages are tied to an economic loss. The Court, therefore, ADOPTS Magistrate Judge Hayes' Report and Recommendation with one exception.

In footnote seven, Magistrate Judge Hayes stated that AT&T "arguably transferred its rights to use of the cable's active circuits to its customers. Thus, unless AT&T became subrogated to the rights of its customers, it did not suffer a loss of use of the active circuits." *See also* [Doc. No. 32, p. 9 ("[I]f prior to the accident, AT&T is deemed to have transferred use of the circuits to its customers, then the act of switching transmission service to an alternative cable

did not mitigate any loss of use damages for AT&T.")]. In support, Magistrate Judge Hayes relies on *Cleco Corp. v. Johnson*, 795 So.2d 302 (La. 2001).

In the *Cleco* case, a defendant knocked down a utility pole, causing a power surge that physically damaged the electrical equipment and appliances of Cleco's customers. Cleco paid damages to its customers, became subrogated to their rights, and brought claims against the tortfeasor. To the extent that Magistrate Judge Hayes cites *Cleco* for the general proposition that AT&T must be subrogated to any claims by its customers, then the Court agrees. However, in its objections to the Report and Recommendation, AT&T clarifies that its "customers, experienced, at most, a minimal loss of service." [Doc. No. 34, p. 13]. AT&T is not seeking loss of use damages based on damages to its customers' property. Therefore, *Cleco* is inapplicable.

Further, under the facts in this case, the Court need not reach the issue of whether *Cleco* stands for the proposition that AT&T transferred its right as owner of use or possession to its customers prior to the accident.

MONROE, LOUISIANA, this 14th day of October, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE